

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00429-CV

**CITY OF SAN ANTONIO**
acting through City Public Service Board of San Antonio a/k/a CPS Energy,
Appellant

v.

**CASEY INDUSTRIAL, INC.**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-06252
Honorable Michael E. Mery, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 31, 2014

AFFIRMED

Appellant CPS Energy[1] was sued by Appellee Casey Industrial, Inc. for various causes of action including breach of contract. In its defense, CPS Energy argued its governmental immunity is not waived for Casey's claims, and it moved to dismiss Casey's suit. The trial court denied CPS Energy's plea to the jurisdiction, and it sought this interlocutory appeal. Because Casey met its burden to show CPS Energy's immunity is waived by the Local Government Code, and CPS

---

[1] Appellant identifies itself as the City of San Antonio acting through the City Public Service Board of San Antonio (CPS Energy).

Energy failed to meet its burden to conclusively disprove any essential element of subject matter jurisdiction, we affirm the trial court's order.

## BACKGROUND

In August 2004, CPS Energy contracted with Casey and Wheelabrator Air Pollution Control, Inc., to add pollution control systems to one of CPS Energy's coal-fired power stations. *City of San Antonio ex rel. City Pub. Serv. Bd. of San Antonio v. Casey Indus., Inc.*, 381 S.W.3d 589, 591 (Tex. App.—San Antonio 2012, pet. denied). After some disputes between the parties, Casey sued CPS Energy for, inter alia, breach of contract and quantum meruit. *Id.* Casey moved for partial summary judgment on the ground that the three-party contract was void and its quantum meruit claim should be tried. *Id.*

The trial court granted Casey's motion, *id.*, but this court reversed the judgment, *id.* at 596–97. We concluded the contract was not void, dismissed Casey's quantum meruit claim for want of jurisdiction, and remanded the cause to the trial court. *Id.*

After remand, CPS Energy moved to dismiss Casey's breach of contract claim. CPS Energy asserted Casey's claims are outside the contract, its immunity from suit is not waived for an "extra-contractual" claim, and Casey's claims must be dismissed. The trial court denied CPS Energy's plea to the jurisdiction, and CPS Energy appeals.

## GOVERNMENTAL IMMUNITY

The common-law doctrine of governmental immunity shields political subdivisions of the State from suits for money damages. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006); *Reata Const. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006). However, the legislature has waived a local governmental entity's immunity from suit in certain breach of contract claims. *Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cnty.*, No. 12-0772, 2014 WL 4472616, at

*4 (Tex. Aug. 29, 2014) (citing TEX. LOC. GOV'T CODE ANN. §§ 271.152, .153 (West 2005)). For a breach of contract claim to withstand a plea to the jurisdiction, "the claimant must plead facts with some evidentiary support that constitute a claim for which immunity is waived." *Zachry Const.*, 2014 WL 4472616, at *7.

## PLEA TO THE JURISDICTION

If a plaintiff sues a governmental entity, the plaintiff bears the burden to plead facts that show the trial court's subject matter jurisdiction over the governmental entity defendant. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004); *accord Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). In response, the governmental entity may assert its immunity from suit in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26 ("Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction."); *accord Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 305 (Tex. 2014); *Jones*, 8 S.W.3d at 638. In its plea, the defendant bears the burden "to establish that it is a governmental entity entitled to governmental immunity." *Church & Akin*, 442 S.W.3d at 305; *accord Miranda*, 133 S.W.3d at 228 (requiring "the state to meet the summary judgment standard of proof"). If the governmental entity meets its burden, the burden shifts back to the plaintiff "to establish, or at least raise a fact issue on, a waiver of immunity." *Church & Akin*, 442 S.W.3d at 305; *accord Miranda*, 133 S.W.3d at 228. If the trial court denies the plea, the governmental entity may appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2014); *Ben Bolt-Palito Blanco*, 212 S.W.3d at 324; *Miranda*, 133 S.W.3d at 225–26.

## STANDARD OF REVIEW

In appellate review of a trial court's decision on a plea to the jurisdiction, the question of "whether [the trial] court has subject matter jurisdiction is a question of law" which we review de

novo. *Miranda*, 133 S.W.3d 226 (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).

The parties' burdens for a plea to the jurisdiction "generally mirror[] that of a [traditional] summary judgment." *Miranda*, 133 S.W.3d at 228 (referencing TEX. R. CIV. P. 166a(c)). After the plaintiff "allege[s] facts that affirmatively demonstrate a trial court's subject matter jurisdiction," *id.* at 226, the governmental entity must "assert[] and support[] with evidence [the proposition] that the trial court lacks subject matter jurisdiction" *Id.* at 228. If the governmental entity fails to conclusively disprove any essential element required to show waiver, it is not entitled to have its plea granted. *See id.* (applying summary judgment burdens to a plea to the jurisdiction); *Elliott-Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999) ("The defendant as movant must disprove at least one of the essential elements of the plaintiff's causes of action to prevail on summary judgment."); *cf. Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642 (Tex. 2012) (granting a plea to the jurisdiction on a claim because the governmental entity negated an essential element of plaintiff's claim and plaintiff failed to raise a fact question on the negated element).

The court must "take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

In its sole issue on appeal, CPS Energy asserts it is immune from Casey's suit on two bases: first, because Casey's claims "fall outside the contract and outside Section 271.152['s]" waiver of immunity; and second, because Casey's damages "are not recoverable under section 271.153." Before we address CPS Energy's arguments, we briefly review the statutory requirements pertaining to Casey's claims and CPS Energy's governmental immunity defense.

**A.      CPS Energy has Governmental Immunity**

In this matter, the City of San Antonio is acting through CPS Energy, and the City is a local governmental entity.  *See* TEX. LOC. GOV'T CODE ANN. § 271.151(3)(A) (West 2005); *Tooke v. City of Mexia*, 197 S.W.3d 325, 345 (Tex. 2006) ("A local government entity is defined to include a municipality.").  As a local governmental entity, the City has immunity from suit unless its immunity is waived.  *See* TEX. LOC. GOV'T CODE ANN. § 271.152; *Tooke*, 197 S.W.3d at 332.

**B.      Applicable Immunity Waiver Law for Casey's Suit**

Casey's breach of contract claims arise under the contract CPS Energy and Casey entered into in August 2004.  CPS Energy's immunity was not waived by statute for such a claim before September 1, 2005.  *See Zachry Const.*, 2014 WL 4472616, at \*14 (Boyd, J., dissenting) (reviewing the history of local governmental entity immunity against contract actions).  Therefore, sections 271.152 and 271.153 apply in this case.  *See* Act of May 20, 2005, 79th Leg., R.S., ch. 604, § 2, sec. 271.152, .153, 2005 Tex. Gen. Laws 1548, 1549 (West) (codified at TEX. LOC. GOV'T CODE ANN. §§ 271.152–.153) (applying sections 271.152 and 271.153 "to a claim that arises under a contract executed before the effective date of this Act only if sovereign immunity has not been waived with respect to the claim before the effective date of this Act").

**C.      Section 271.152, "Waiver of Immunity to Suit for Certain Claims"**

*1.      CPS Energy's Argument*

As its first basis to show its immunity was not waived, CPS Energy asserts that Casey's own pleadings affirmatively negate jurisdiction.  CPS Energy insists that Casey's pleadings admit, as a matter of law, the additional work Casey did for which it seeks damages was "outside the contract."  CPS Energy argues that the essential terms for the extra work Casey performed were not defined because it did not issue a change order authorizing the work; thus, there was no contract governing the work, and its immunity from suit is not waived by section 271.152.

*2.        Section 271.152's Plain Language*

Section 271.152 states the conditions on which a local governmental entity's immunity from suit is waived.

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005).

*3.        Requirements to Invoke Section 271.152's Waiver*

We review the evidence pertaining to each of the statutory requirements necessary to invoke section 271.152's waiver of immunity.

- The City of San Antonio is a local governmental entity. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 ("**local governmental entity**" (emphasis added)).

- Acting through CPS Energy, it was authorized by statute to enter into a contract with Casey for the J.T. Deely power station modifications. *See id.* ("**authorized by statute . . . to enter into a contract**" (emphasis added)); *City of San Antonio ex rel. City Pub. Serv. Bd. of San Antonio v. Casey Indus., Inc.*, 381 S.W.3d 589, 596 (Tex. App.—San Antonio 2012, pet. denied) (citing TEX. LOC. GOV'T CODE ANN. § 271.119 ("Design-Build Contracts for Facilities")).

- It did so in August 2004. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 ("**enters into a contract**" (emphasis added)); *Casey Indus.*, 381 S.W.3d at 596–97.

- In its pleadings, Casey (1) alleged that CPS Energy breached the August 2004 contract and (2) provided evidence of the executed contract and affidavits supporting its allegations of breach. Casey also provided evidence that contract provisions under paragraph 14.1.2 include procedures for CPS Energy or Casey to modify the scope of work, change the performance schedule, and seek an increase or decrease in the D/B contractor's compensation. It argued and pled evidence showing that it complied with the procedures to raise, discuss, and resolve a claim. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 ("**claim for breach of contract**" (emphasis added)).

Specifically, Casey argued contract section 14.1.2 authorized Casey to seek additional compensation. Article 14 addresses "Default and Termination"; section 14.1 is titled "Default by [Casey] or Wheelabrator"; the concluding sentence of section 14.1.2 reads as follows:

> Provided [Casey] is not in Default itself, a Default by Wheelabrator under Section 14.1.1, which results in an impairment or frustration of [Casey's] Work through no fault of [Casey], shall be considered a "Force Majeure" event and will entitle [Casey] to request an extension of time and/or additional compensation by Notice to [CPS Energy] as required in Section 9:1.3.

Casey pointed the trial court to CPS Energy's January 3, 2006 letter declaring Wheelabrator was in default under the contract. Casey pled evidence, including an affidavit from one of its officers, to show it complied with the contract's requirements to request additional compensation.

Having reviewed the evidence in the light most favorable to Casey, we conclude Casey met its burden to show CPS Energy's immunity was waived. *See Zachry Const.*, 2014 WL 4472616, at \*7; *Miranda*, 133 S.W.3d at 228.

    *4.       CPS Energy's Evidence to Rebut Waiver of Immunity*

Because Casey met its initial burden, the burden shifted to CPS Energy to conclusively disprove a waiver of its immunity from suit. *See Miranda*, 133 S.W.3d at 226–28; *Elliott-Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999) ("The defendant as movant must disprove at least one of the essential elements of the plaintiff's causes of action to prevail on summary judgment."). To overcome Casey's evidence that CPS Energy's immunity was waived, CPS Energy argued and pled evidence that Casey did not comply with what it asserts are the applicable contract procedures, *e.g.*, 9.1 Change Orders. It contended that the only contractual procedure to modify Casey's scope of work was the change order provision, Casey never requested a change order, it never issued one, and any additional work Casey did was not covered by a contract. Thus, CPS Energy argues, without a valid contract for the additional work, section 271.152 does not apply and its immunity was not waived.

Viewing the parties' evidence in the light most favorable to Casey, *Miranda*, 133 S.W.3d at 228, we conclude CPS Energy failed to meet its burden to disprove as a matter of law any essential element of section 271.152, *see Elliott-Williams Co.*, 9 S.W.3d at 803; *cf. Mission Consol.*

- 7 -

*Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642 (Tex. 2012) (granting a plea to the jurisdiction on a claim because the governmental entity negated an essential element of plaintiff's claim and plaintiff failed to raise a fact question on the negated element).

Because "Section 271.152 uses Section 271.153 to further define to what extent immunity has been waived," we next consider whether Casey's claimed damages are of the type recoverable under section 271.153. *See id.*

## D.  Section 271.153, "Limitations on Adjudication Awards"

As its second basis to show it is immune from suit, CPS Energy argues Casey's damages are not recoverable under section 271.153. Section 271.153[2] reads in its entirety as follows:

> (a)  The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:
>> (1)  the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;
>> (2)  the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract; and
>> (3)  interest as allowed by law.
> (b)  Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:
>> (1) consequential damages, except as expressly allowed under Subsection (a)(1);
>> (2) exemplary damages; or
>> (3) damages for unabsorbed home office overhead.

---

[2] Section 271.153 was amended in 2009, 2011, and 2013, but the changes apply "only to a claim that arises under a contract executed on or after the effective date of [the respective] Act." *See, e.g.*, Act of May 21, 2009, 81st Leg., R.S., ch. 1266, § 17, 2009 Tex. Gen. Laws 4006, 4008 (West) (amending, inter alia, TEX. LOC. GOV'T CODE ANN. § 271.153). Each revising act applied the former law to contracts executed before its effective date. *See, e.g.*, *id.*

Act of May 20, 2005, 79th Leg., R.S., ch. 604, § 1, sec. 271.153, 2005 Tex. Gen. Laws 1548, 1549 (amended 2009, 2011, 2013) (current version at TEX. LOC. GOV'T CODE ANN. § 271.153 (West Supp. 2014)).

CPS Energy argues that even if its governmental immunity were waived by section 271.152, its immunity from suit was not waived because Casey's claimed damages are not those allowed by section 271.153. Citing section 271.153, CPS Energy argues there was no balance due or owed because Casey had been paid in full, CPS Energy did not sign any change orders, and the evidence conclusively proves it was not responsible for any delays.

In response, Casey pled evidence showing Wheelabrator, acting as CPS Energy's contractor, caused project delays, Casey cites the contract provisions that allow it to seek additional compensation, *e.g.*, 14.1.2, and it provides evidence that it complied with those provisions. Casey pled evidence to show there is a balance due and owed to it by CPS Energy for the retainage— which CPS Energy admits it has not paid. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1) (allowing damages for "balance due and owed" from "owner-caused delays"). Casey also argues CPS Energy owes it damages for the additional work CPS Energy required it to perform on the power station. *See id.* § 271.153(a)(2) (allowing damages for "additional work the contractor is directed to perform"). Casey contends the additional work it did was work defined in the contract but not within Casey's original scope of work. Casey also asserts the contract terms required it to do the work or pay liquidated damages in the amount of approximately $150,000 per day.

Viewing the parties' evidence in the light most favorable to Casey, *Miranda*, 133 S.W.3d at 228, we conclude it shows Casey is suing CPS Energy on a breach of contract claim arising from a contract with CPS Energy for damages it claims CPS Energy owes it for additional work CPS Energy required it to do. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(a). Thus, we conclude Casey met its burden to show its claimed damages are recoverable under section 271.153. *See id.*;

*Zachry Const.*, 2014 WL 4472616, at \*7 (requiring the claimant to "plead facts with some evidentiary support that constitute a claim for which immunity is waived"); *Miranda*, 133 S.W.3d at 228.

On the other hand, we conclude CPS Energy failed to meet its burden to prove as a matter of law that Casey's damages are not recoverable under section 271.153. *See Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 642 (requiring, for its plea to the jurisdiction to be granted, the governmental entity defendant to conclusively negate at least one essential element of the claimant's claim).

## CONCLUSION

Having reviewed all the evidence in the light most favorable to Casey, *Miranda*, 133 S.W.3d at 228, we conclude Casey met its burden to "plead facts with some evidentiary support that constitute a claim for which immunity is waived." *See Zachry Const.*, 2014 WL 4472616, at \*7. To the contrary, CPS Energy failed to meet its burden to conclusively negate any essential element of subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 228; *Elliott-Williams Co.*, 9 S.W.3d at 803.

Therefore, we overrule CPS Energy's issue and affirm the trial court's order.

Patricia O. Alvarez, Justice